FEDERAL AUTO BODY WORKS, INC.

v.

AETNA CASUALTY & SURETY CO.

No. 79–451–Appeal.

Supreme Court of Rhode Island.

July 2, 1982.

Michael J. Kiselica, Cranston, for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen, Antonio C. Claudio, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This matter is before the court on appeal from a judgment of the Superior Court denying the plaintiff's application for a preliminary injunction. Pursuant to Rule 65(a)(2) of the Superior Court Rules of Civil Procedure,[1] trial on the merits of the plaintiff's claim for a permanent injunction was advanced and consolidated with the hearing on the plaintiff's application, and the trial justice dismissed the complaint with prejudice.

The plaintiff, Federal Auto Body Works, Inc. (Federal), repairs collision damage to automobiles. The defendant, Aetna Casualty & Surety Co. (Aetna), is one of the major underwriters of automobile collision insurance in this area. Federal brought this suit seeking to enjoin Aetna from requiring that damaged automobiles brought by Aetna's insureds to Federal for repair be removed from Federal's premises for Aetna's inspection before and after repair. In its complaint, Federal alleged that Aetna's insistence on off-premises inspections destroyed the good will of its customers and constituted a tortious interference with its advantageous relations with those customers. Federal failed, however, to allege that it lost any business as a result of Aetna's actions, conceding that "[t]he damages incurred by the plaintiff by reason thereof are not easily ascertainable."

---

1. Rule 65(a)(2) of the Superior Court Rules of Civil Procedure provides in part:

"Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

In its answer, Aetna admitted that pursuant to its contracts with its insureds, it requires that automobiles for which claims have been made be inspected before and after body shops repair any damage. Aetna also admitted that it refuses to inspect vehicles on Federal's premises for reasons "well known to the plaintiff." Aetna denied, however, that such action constituted tortious interference with Federal's advantageous business relations.

Federal called the sole witness at the hearing on its request for a preliminary injunction. On direct examination, Mr. Edward Voccola stated only that he was a stockholder, officer, and manager of Federal, that he had read the complaint filed against Aetna, and that to the best of his knowledge and belief the facts stated therein were true. On cross examination, Mr. Voccola stated that Aetna's requirement of offsite inspections inconvenienced some of Federal's customers but conceded that those customers had their cars repaired by Federal in spite of that inconvenience. He insisted that other customers who had delivered their cars to Federal for repair removed their cars from his shop because of Aetna's actions, but no evidence corroborating this assertion was admitted.

After Federal had completed the presentation of its evidence, Aetna moved to dismiss, citing Super.R.Civ.P. 12(b)(6). The trial justice heard arguments from counsel and, treating the motion to dismiss as one under Super.R.Civ.P. 41(b)(2),[2] found that the evidence showed that Aetna's contracts with its insureds gave it the right to inspect automobiles for which damage claims had

been submitted, that Aetna could exercise its right to inspect at any location it chose, and that mere inconvenience to Federal resulting from the exercise of this right did not constitute tortious interference with Federal's business relations.

When ruling on a motion to dismiss in a jury-waived case, the trial justice sits as trier of law and facts. He passes on the witnesses' credibility and weighs the evidence, drawing reasonable inferences therefrom. *Judd Realty, Inc. v. Tedesco*, R.I., 400 A.2d 952 (1979).

In reviewing a decision of a trial justice which grants such a motion, this court must determine whether the evidence supports the trial justice's findings or whether, in making these findings, the trial justice misconceived or overlooked material evidence. Finally, we must determine whether, having made findings supported by the evidence, the trial justice applied the correct rule of law. *Fryzel v. Domestic Credit Corp.*, 120 R.I. 92, 98, 385 A.2d 663, 666 (1978); *Levy v. Industrial National Bank*, 106 R.I. 437, 446, 260 A.2d 919, 924 (1970).

Upon reviewing the record of the proceedings below, we conclude that the trial justice's findings are supported by the evidence, that he did not misconceive or overlook material evidence, and that he applied the correct rule of law.

Although this court has not yet recognized a right to recover for interference with a prospective contractual relation,[3] it is well settled that such a right

**2.** Although Aetna's counsel neglected to cite Super.R.Civ.P. 41(b)(2), that rule also permits the trial justice to dismiss a complaint in a jury-waived case. Rule 41(b)(2) provides, in part:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *."

The trial justice's decision clearly indicates that he determined the factual issues of the case on the basis of the evidence presented. We therefore will treat this appeal as one from dismissal under Rule 41.

**3.** This court has recognized a right to recover for tortious interference with a contractual relationship if the following can be shown: "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional interference; and (4) damages resulting therefrom." *Smith Development Corp. v. Bilow Enterprises, Inc.*, 112 R.I. 203, 211, 308 A.2d 477, 482 (1973).

could exist only if the interference complained of is intentional and improper and causes a loss of the benefits of the relation.[4] Even if one intentionally causes a third person to abstain from entering into a contractual relation with another, such interference is not improper if one has a financial interest in the business of the third person and merely acts to protect that interest from being prejudiced by the relation without employing wrongful means.[5]

The evidence presented at the hearing supports the trial justice's conclusion that Aetna's actions were not improper. As the insurer of a damaged vehicle, Aetna is obligated to pay its insured the actual cash value of the loss. Thus, Aetna has a financial interest that it protects by inspecting a damaged vehicle to determine the value of a loss. Federal presented no evidence indicating that Aetna employed wrongful means to protect its interests by conducting offsite inspections. Accordingly, the trial justice did not err in finding that Aetna's actions were not improper.

The evidence also supports a finding that Aetna's conduct did not prevent Federal from acquiring or continuing any prospective relations. Mr. Voccola conceded that the inconvenience caused by Aetna to certain Federal customers did not stop those customers from having Federal repair their cars. Mr. Voccola did refer briefly to other, unnamed customers who failed to come to his shop as a result of Aetna's actions. Federal did not, however, introduce any evidence to substantiate this claim. Thus, the trial justice did not err in finding that Aetna's conduct merely inconvenienced Federal's customers and that such inconvenience was not actionable.

Accordingly, the plaintiff's appeal is denied and dismissed, the judgment below is affirmed, and the case is remanded to the Superior Court.

4. "One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
    (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
    (b) preventing the other from acquiring or continuing the prospective relation." 4 Restatement (Second) Torts § 766B at 20 (1979).

5. "One who, having a financial interest in the business of a third person intentionally causes that person not to enter into a prospective contractual relation with another, does not interfere improperly with the other's relation if he
    (a) does not employ wrongful means and
    (b) acts to protect his interest from being prejudiced by the relation." *Id.* § 769 at 44.