**R.I. NURSES' ASSOCIATION**

v.

**Marlene SWANSON.**

**No. 80–421-Appeal.**

Supreme Court of Rhode Island.

March 17, 1983.

Reargument Denied April 14, 1983.

Cobleigh, Higgins & Fleury, Richard E. Fleury, Warwick, for plaintiff.

Regan & Carberry, John F. Flynn, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from the Superior Court's granting of the defendant's motion for involuntary dismissal pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure.

The uncontroverted facts are as follows. The defendant, Marlene Swanson, works as a registered nurse at St. Joseph's Hospital in Providence. The registered nurses at St. Joseph's are represented by the plaintiff union, the Rhode Island State Nurses' Association (the union). At the time of this

incident, Marlene Swanson was a member of that union.

In November of 1975, the union voted to strike the hospital. The defendant, however, refused to comply with the union's order, crossed the picket line and worked during the strike. The union, under the authority of their by-laws, levied a $300 fine on defendant as a disciplinary measure.[1] When she refused to pay, the union commenced suit in Superior Court to collect the fine.

After plaintiff completed the presentation of its case, defendant made a motion for involuntary dismissal under Rule 41(b)(2).[2]

The trial justice, relying on the State Labor Relations Act, G.L. 1956 (1979 Reenactment) § 28-7-45,[3] stated that the employees of a "health care provider" do not have the right to strike under the Rhode Island law. Consequently, he concluded that the strike was illegal and the union's fine could not be enforced by the courts. He thus ruled that plaintiff failed to show a right to relief and granted defendant's motion to dismiss.

On appeal, plaintiff contends that the union does have a right to collect fines in state courts that have been imposed upon members who have violated an authorized strike order. Furthermore, plaintiff argues that § 28-7-45 applies only to public employees and not private hospitals employing private nurses.

■■■ It is well recognized that the unions possess the right to impose fines on members as well as to collect such fines by court action when they decline to honor an authorized strike. See NLRB v. Allis Chalmers Manufacturing Co., 388 U.S. 175, 195, 87 S.Ct. 2001, 2014, 18 L.Ed.2d 1123, 1136 (1967). If a strike is unlawful, however, unions are precluded from imposing and collecting fines in the courts from members who refuse to comply with the illegal order. Id.

In the case at bar, however, defendant does not challenge the legality of the strike. Rather, she concedes that the Federal Labor Relations Act, 29 U.S.C.A. §§ 151 through 187 (1973) preempts this area. She thus acknowledges that the strike is legal. Instead, she argues that permitting the union to use the courts as a means of enforcing this fine would contravene the state's public policy of preventing health care workers from striking. See G.L.1956 (1979

---

1. On November 15, 1975, the union's by-laws were amended to include the following:

   "Article XI: Any member of the Bargaining Unit who acts contrary to the best interests of the members of the Bargaining Unit will be subject to disciplinary action. Penalty will be assigned by the officers of the Unit, and may be challenged by referring the disciplinary action to the entire membership for final decision."

2. Rule 41(b)(2) of Super.R.Civ.P. provides in pertinent part:

   "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *."

3. The Rhode Island State Labor Relations Act, G.L.1956 (1979 Reenactment) § 28-7-45(a) provides in pertinent part:

   "The provisions of this chapter shall not apply to the employees of any employer who concedes to and agrees with the board that such employees are subject to and protected by the provisions of the national labor management relations act * * * provided, however, that in the case of * * * health care provider employees, including those of hospitals * * * the provisions of this chapter shall apply, but nothing contained in this chapter shall be deemed in any manner to grant to any * * * health care provider employees * * * the right to engage in any strike, and any such strike * * * shall be illegal."

Reenactment) § 28–7–45. Consequently, in such circumstances, defendant had the burden of presenting evidence in support of her allegation that Rhode Island public policy should override the federal statute.

■ When considering a Rule 41(b)(2) motion in a jury-waived case, the trial justice sits as the trier of law and facts. *Federal Auto Body Works, Inc. v. Aetna Casualty & Surety Co.*, R.I., 447 A.2d 377, 379 (1982) (citing *Judd Realty, Inc. v. Tedesco*, R.I., 400 A.2d 952 (1979)). He must pass on the witnesses' credibility and weigh the evidence introduced by the parties. *Id.*

■ On the other hand when the Supreme Court reviews the granting of such a motion, it must determine first whether the evidence supports the trial justice's findings; secondly, whether or not the trial justice misconceived or overlooked material evidence; and finally, whether the trial justice applied the correct rule of law. *Federal Auto Body Works, Inc.*, 447 A.2d at 379 (citing *Fryzel v. Domestic Credit Corp.*, 120 R.I. 92, 98, 385 A.2d 663, 666 (1978) and *Levy v. Industrial National Bank*, 106 R.I. 437, 446, 260 A.2d 919, 924 (1970)).

■ Upon reviewing the record of the proceedings below, we conclude that the trial justice's findings are unsupported by the evidence. The defendant conceded both in her brief and in oral argument that the National Labor Relations Act and not the State Labor Relations Act applied to the union's strike. The trial justice, however; determined that the National Labor Relations Board would not take jurisdiction over hospitals unless they were of a proprietary nature. The trial justice did note that evidence had not been presented on this issue. Notwithstanding the lack of such evidence, the trial court proceeded to declare the strike illegal under the Rhode Island statute.

The record, however, is completely barren of any evidence that would establish the State Labor Relations Act as the controlling authority of this strike. In fact, when plaintiff attempted to introduce such evidence on this issue, the trial justice ordered him to wait until defendant introduced her public-policy defense. Since defendant never presented her case, it is clear that the trial justice had no evidence upon which to base his finding that a strike by private nurses employed by a private hospital is illegal under the State Labor Relations Act § 28–7–45.

The record clearly demonstrates that the trial justice determined the issues on material that was not part of the record. The trial justice's duty, however, was to confine his determination of the case to the record presented by the parties.

The plaintiff's appeal is therefore sustained. The judgment below is reversed, and the case is remanded to the Superior Court for further proceedings.

WEISBERGER, J., did not participate.